UNITED STATES of America,
Plaintiff-Appellee,

v.

George Francis SCHOOLS, Defendant-Appellant.

No. 73–2541
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Paul L. Cummings, Pensacola, Fla., for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., J. Worth Owen, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

We conclude there is no merit in this appeal from a conviction for knowing possession of marijuana under 21 U.S. C.A. § 844(a). On July 22, 1972, at which time appellant was incarcerated at a federal prison camp at Eglin Airforce Base, Florida a packet containing marijuana was found in his possession during a security search following a visit with his wife. Appellant was placed in solitary confinement for three days during which time prison officials interrogated him concerning his possession of the marijuana. A laboratory analysis of the substance found on appellant was completed on September 27, 1972. A fingerprint examination was completed on October 5, 1972. An FBI agent interviewed appellant on December 5, 1972 after unsuccessfully attempting to locate him during October and November. The investigation was completed and submitted to the United States Attorney on February 5, 1973. An indictment was returned by the Grand Jury on February 7, 1973. Appellant went to trial on April 4, 1973. The jury returned a verdict of guilty on April 19, 1973 and appellant was sentenced on May 3, 1973. Apparently under the mistaken impression that the statute provided for a maximum sentence of two year imprisonment, the District Judge imposed a sentence of a year and one-half but immediately reduced the sentence to one year on being informed that the statute provided for a maximum of only one year.

Appellant contends that the seven month delay between the commission of the offense and the indictment resulted in a denial of his right to a speedy trial under the Sixth Amendment. We need not determine whether the interrogation and segregation of appellant by prison officials following the discovery of the marijuana constituted an "arrest" rendering appellant an "accused" within the meaning of the Sixth Amendment, thereby activating the speedy trial provision, since even assuming that the speedy trial countdown was triggered at this earliest possible moment, the delay preceding indictment is of no consequence where the indictment is returned within the statute of limitations period, there is no showing of actual prejudice or that the delay was an intentional device used by the prosecution to gain tactical advantage over the defendant. See United States v. Marion, 1971, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468, 481. The delay in issue was attributable to the government's reasonably expeditious but necessary investigation. See Barker v. Wingo, 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; United States v. Dyson, 5 Cir., 1972, 469 F.2d 735.

Nor is there any merit in appellant's contention that the District Court could only impose a sentence of nine months—three quarters of the one year maximum—since the Court had originally thought that the maximum sentence was two years and had only imposed a sentence of one and one-half years—

three quarters of the mistaken maximum. The District Court is certainly not precluded from imposing the actual maximum sentence simply because it would not have imposed the maximum sentence if that maximum were twice as severe. In the exercise of its wide discretion the sentencing court could reasonably conclude that the facts of this case warranted a sentence of at least one year regardless of whether the maximum permissible sentence was one or two years.

Affirmed.