**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Johnny Ray SMITH, Defendant-Appellant.**

**No. 72–2619.**

United States Court of Appeals, Fifth Circuit.

Nov. 8, 1973.

Henry R. Barksdale, court-appointed, Pensacola, Fla., for defendant-appellant.

Willliam H. Stafford, Jr., U. S. Atty., J. Worth Owen, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant, Johnny Ray Smith, was convicted in the Federal District Court for the Northern District of Florida for forging, counterfeiting, passing, uttering and publishing two United States Postal Money Orders, in violation of 18 U.S.C. § 500. We affirm.

This court has examined all of appellant's contentions as to error in the district court. The one issue that caused this court concern was appellant's insistence that he was deprived of his right to a speedy trial. This will be discussed below. None of the other contentions of error were found to have merit.

FACTS

On or about May 24, 1968, several stolen money orders were passed at various businesses in the State of Florida. On June 24, 1968, appellant was arrested and charged with violating the Dyer Act and therefore came to be in federal custody for reasons separate from the charge we are concerned with. On July 31st, appellant was questioned by a postal inspector and at that time he gave the inspector a sample of his handwriting and made an oral statement. In March of 1969, appellant was transferred to the Tarrant County Jail in Fort Worth, Texas, for trial in federal court there on a two-count indictment under 18 U.S. C. § 500. Appellant was charged there with having passed forged U. S. Postal Money Orders, just as he was charged in Florida. Appellant was convicted in Texas on both counts and sentenced to a term of ten years imprisonment.[1]

The United States Attorney's office in the State of Florida went before a grand jury on November 9, 1971, and obtained an indictment against appellant for his Florida violations of 18 U.S.C. § 500. Approximately five months later, appellant was brought to trial and convicted and sentenced to serve a term of ten years, to be consecutive to the sentence imposed by the federal district court in Texas. The period of time between in-

---

1. The Texas federal district court appeared to impose upon appellant a rather heavy sentence because that court was under the impression that appellant was not going to be indicted or tried for the similar offenses he allegedly committed in Florida. During the sentencing, that court stated, "The indications from all that was said in the present case are that he was not filed on for any of the other offenses involved in this statement. He got off light under the circumstances. . . ."

See page 44 of memorandum denying motion for a new trial in C.R. 4–656, U.S.D.C., Northern District Texas, dated and filed February 27, 1970.

At oral argument before this court, counsel for the government stated that this sentence had since been reduced to a term of three and a half years in light of the fact that appellant was eventually tried and sentenced in Florida.

dictment and trial, approximately five months, was the result of appellant's counsel moving for a continuance. Appellant does not contend that this five-month period was part of the delay which deprived him of his right to a speedy trial.

## THE SPEEDY TRIAL QUESTION

█ The contention of appellant is that approximately three and one half years elapsed between the time he came to be in federal custody and the time he was indicted for the above-mentioned offenses and such pre-indictment delay is in violation of his constitutional right to a speedy trial. Although appellant urges upon this court the test espoused by the Supreme Court in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1973), we find that test not to be applicable in this case. Here we are faced with a pre-indictment delay which, according to the Supreme Court, is not to be counted for the purposes of a Sixth Amendment motion absent a showing of actual prejudice. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), Hoskins v. Wainwright (5 Cir. 1973), 485 F.2d 1186. Therefore, the only question facing this court is whether actual prejudice did occur.

██ Actual prejudice is that prejudice resulting from a delay that has so impaired the defendant's capacity to prepare a defense as to amount to an infringement on his right to a speedy trial. United States v. Capaldo (2 Cir. 1968), 402 F.2d 821 at 823. It should be remembered that the applicable statute of limitations, in this case five years, is not the only control on pre-indictment delay. But where unconstitutional pre-indictment prejudicial delay is alleged, it must be supported. Schlinsky v. United States (1st Cir. 1967), 379 F.2d 735 at 737. Justice White specifically stated in *Marion, supra*, 404 U.S. at 315, 92 S.Ct. at 460, 30 L.Ed.2d 468:

> No opinions of this Court intimate support for appellees' thesis [Sixth Amendment applicability to pre-indictment delay where no prejudice was shown] and the courts of appeals that have considered the question in constitutional terms have never reversed a conviction or dismissed an indictment solely on the basis of the Sixth Amendment speedy trial provision where only pre-indictment delay was involved. (footnotes omitted).

This Court of Appeals has recognized the Sixth Amendment right to a speedy trial only after a prosecution has been formally initiated and has held that the sole safeguard against pre-indictment delay absent prejudice is the relevant statute of limitations. Kroll v. United States (5 Cir. 1970), 433 F.2d 1282, cert. den., 402 U.S. 944, 91 S.Ct. 1616, 29 L.Ed. 2d 112 (1971), United States v. Grayson (5 Cir. 1969), 416 F.2d 1073. See United States v. Durham (5 Cir. 1969), 413 F.2d 1003; United States v. Wilson (2 Cir. 1965), 342 F.2d 782, cert. den., 382 U.S. 860, 86 S.Ct. 119, 15 L.Ed.2d 98. This circuit most recently held in United States v. Davis (October 16, 1973), 487 F.2d 112, that absent a showing of extreme prejudice amounting to a Fifth Amendment denial of due process, the commencement of prosecution is controlled exclusively by the applicable statute of limitations. In that opinion, the court quoted from United States v. Marion, *supra*, where the Supreme Court stated:

> It is appropriate to note here that the statute of limitations does not fully define the appellee's rights with respect to the events occurring prior to the indictment. Thus, the government conceded that Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellee's rights to a fair trial and that delay was a purposeful device to gain tactical advantage over the accused. 404 U.S. at 324, 92 S.Ct. at 465.

## ACTUAL PREJUDICE?

Appellant, Johnny Ray Smith, has gone to great lengths in his *pro se* supplemental brief to demonstrate to this court that actual prejudice occurred. According to Smith, at the time the offenses with which he was charged occurred, he was participating in a domino tournament in Vance, Mississippi, at the mobile home of a friend. Smith insists that all of the eight persons present at the domino tournament are now either dead or missing. It is contended that but for the extremely long period of time between the occurrence of the offenses charged and the trial, Smith would have been exonerated at trial by his many alibi witnesses and would therefore be a free man today.[2]

■ This court has examined the record below, giving specific emphasis to the hearing on Smith's motion to dismiss the indictment for failure to afford him a speedy trial. Appellant Smith was given a full hearing concerning any prejudice he might have suffered due to the delay between the offenses charged and trial. It would be of no advantage for us to go into the details of that hearing at this point. It was demonstrated at the motion to dismiss that there was no intentional delay by the government in order to gain a tactical advantage. In fact, part of the delay was due to Smith having pleaded insanity during his trial in Texas concerning offenses identical in time and substance to the offenses charged below. Smith had appealed that conviction upon the ground that he should have been found insane. This circuit affirmed that Texas conviction in January of 1971. United States v. Smith (5 Cir., 1971), 436 F.2d 787. It is asserted that because both the Florida offenses and the Texas offenses were identical except for location, the government was guilty of no misconduct by waiting to see how Smith's appeal came out before proceeding with indictment in the case below. Although this fact, in and of itself, is no justification for a delay found to be prejudicial, that is not the case here.[3]

■ The indictment here was brought well within the applicable statute of limitations.[4] This court also finds that no actual prejudice occurred. United States v. Marion, supra; United States v. Edwards (5 Cir. 1972), 458 F.2d 875; United States v. Schools (5 Cir. 1973), 486 F.2d 557. The other allegations of error concerning appellant's involuntary

2. Twenty-eight of Smith's 48 years on earth have been spent in various penitentiaries. Much of his incarceration time has been in maximum security. United States v. Smith (5 Cir. 1971) 436 F.2d 787 at 789. Smith's word alone, then, alleging prejudice is without other proof and is not, in the opinion of this court, sufficient to show actual prejudice under the circumstances.

3. Justice Douglas in his separate opinion in United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, quoted Justice Brennan's discussion on the question of what constitutes reasonable governmental delay:
When is governmental delay reasonable? Clearly a deliberate attempt by the government to use delay to harm the accused, or governmental delay that is "purposeful or oppressive" is unjustifiable . . . . The same may be true of any governmental delay that is unnecessary, whether intentional or negligent in origin. A negligent failure by the government to ensure a speedy trial is virtually as damaging to the interest protected by the right as an intentional failure; when negligence is the cause the only interest necessarily unaffected is our common concern to prevent deliberate misuse of the criminal process by public officials. Thus the crucial question in determining the legitimacy of governmental delay may be whether it might reasonably have been avoided—whether it was unnecessary. To determine the necessity for governmental delay, it would seem important to consider, on the one hand, the intrinsic importance of the reason for the delay, and, on the other, the length of the delay and its potential for prejudice to interests protected by the speedy-trial safeguard. 398 U.S. at 51, 90 S.Ct. at 1575.

4. 18 U.S.C. § 3282 *Offenses Not Capital*
Except as otherwise expressly provided by law, no person shall be prosecuted, tried or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

statement, the denial of his application for witness subpoenas, and his attack on the weight and sufficiency of the evidence, have been examined and found to be without merit. The judgment of the district court is

Affirmed.