**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Horace Sheppard ZANE, a/k/a John Logan and Francis Rossetti, Defendant-Appellant.**

**No. 73-2895**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1973.

Certiorari Denied April 22, 1974.
See 94 S.Ct. 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**270**

Percy J. Blount, Augusta, Ga., for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

In this appeal from a conviction on a two count indictment for selling and disposing of a stolen motor vehicle in interstate commerce, 18 U.S.C.A. § 2313, the Sixth Amendment's speedy trial imperative is the sole issue. We affirm. In December 1971, the FBI commenced an investigation of appellant concerning the sale of stolen automobiles. In March 1972, appellant was arrested on a warrant pertaining to the sale of the two stolen vehicles. Following the arrest, the investigation continued and appellant was not indicted until March 19, 1973. He was arraigned on April 2, 1973, went to trial on May 7, 1973 and was convicted the following day. Appellant asserts that the one year post-arrest pre-indictment delay constituted a denial of the right to a speedy trial.

While post-arrest pre-indictment delay is within the scope of the speedy trial guarantee, a substantial showing of actual prejudice is required to establish a Sixth Amendment violation in this situation. United States v. Marion, 1971, 404 U.S. 307, 320–325, 92 S.Ct. 455, 463–466, 30 L.Ed.2d 468, 478–481; United States v. Smith, 5 Cir., 1973, 487 F.2d 175; United States v. Broadway, 5 Cir., 1973, 477 F.2d 991; United States v. Schools, 5 Cir., 1973, 486 F.2d 557.[1] Appellant has not made such a showing of actual prejudice.

Although appellant asserts that a Georgia state district attorney with whom he had previously discussed his case died prior to the trial, he has made no indication on the record of how the testimony of the deceased former prosecutor might have aided his defense. A general allegation of loss of witnesses and failure of memories is insufficient to establish prejudice.[2] United States v. Smith, 5 Cir., 1973, 487 F.2d 175; United States v. Broadway, 5 Cir., 1973, 477 F.2d 991.

In *Marion*, it was recognized that prosecutorial delay intentionally employed as a device for disadvantaging the defense would constitute a denial of due process. 404 U.S. at 324, 92 S.Ct. at 465, 30 L.Ed.2d at 481. Such was not the case here.

After the initial arrest of appellant, the FBI continued to pursue its multistate investigation with some reason to believe that appellant was involved in other illegal sales of automobiles as well.

---

1. The statute of limitations is the primary form of protection against pre-indictment delay. See *Marion, supra,* 1971, 404 U.S. at 322, 92 S.Ct. at 464, 30 L.Ed.2d at 479.

2. Since appellant made bond immediately, he did not suffer oppressive pre-trial incarceration.

Since there is, and could be, no arguable claim of excessive delay between indictment, arraignment and trial, appellant's failure to request a speedy trial until the trial was scheduled to commence is not of any relevance, whatever the case might be as to post-indictment pre-trial delay. See Barker v. Wingo, 1972, 407 U.S. 514, 527–529, 92 S.Ct. 2182, 33 L.Ed.2d 101, 117–118; United States v. Dyson, 5 Cir., 1972, 469 F.2d 735, 740–741.

In fact, the continued investigation was partially prompted by evidence discovered when appellant was arrested in March 1972. Difficulty in tracing stolen vehicles and locating witnesses extended the length of the investigation. The failure to augment the charges in the arrest warrant with further charges in the subsequent indictment does not negative the FBI's good faith in continuing to pursue the investigation before seeking an indictment. On the record before us, the District Court was entitled to conclude that the delay arising out of the pre-indictment investigatory stage of this prosecution did not deprive appellant of his rights to a speedy trial or due process of law.

Affirmed.