UNITED STATES of America, Plaintiff-Appellant,

v.

Leon Edgar BUTTS, a/k/a Sonny Butts, Defendant-Appellee.

No. 75–1201.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1975.

Ronald T. Knight, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellant.

Herbert Shafer, Atlanta, Ga., for plaintiff-appellee.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant United States Government appeals the dismissal of an indictment obtained on February 8, 1974 against appellee Leon Edgar Butts for conspiracy and gambling offenses [1] allegedly committed in 1971. Upon his arraignment appellee Butts moved for dismissal on the ground that the delay in obtaining an indictment had denied him his right to a speedy trial guaranteed by the Sixth Amendment. Following an evidentiary hearing the District Court for the Middle District of Georgia entered an order dismissing the indictment. It is from this order that the government appeals.

The basis of Butts' motion for dismissal was the prosecution's delay in seeking an indictment. Contending that the government was aware of his ongoing gambling activities in the fall of 1971, Butts argued that the government should have sought an indictment immediately rather than waiting until August, 1973 to bring its case against him to the grand jury. Specifically, Butts alleges, and the record indicates, that both state and federal officials were investigating illegal gambling operations in the Columbus area in 1971. In the fall of that year a raid was conducted by state officials at the place where Butts was conducting gambling activities and evidence incriminating him was seized. Because the search warrant was not legally sufficient, however, all evidence obtained in the raid was suppressed at state proceedings. This inadmissible evidence being the only probative evidence available to federal officials, they likewise declined to prosecute Butts at that time.

Also during 1971, FBI agents in Las Vegas were surveilling one Coskry, who was overheard making calls involving gambling operations to Columbus, Geor-

---

1. Count One charged that Butts conspired to violate 18 U.S.C. §§ 1084, 1952, and 1955. Count Two charged a substantive violation of 18 U.S.C. § 1955 and Counts Three through Seven charged substantive violations of 18 U.S.C. § 1952.

gia. At that time, agents were unable to identify Butts as the person receiving the call until evidence so implicating him was revealed in late 1972. Following this last development, further investigations were made into Butts' gambling activities, after which evidence was presented to the grand jury in August, 1973. On February 8, 1974, the jury returned the indictment.

 In *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court held that the applicable statute of limitations being the primary guarantee against bringing overly stale criminal charges, one must show (1) that substantial prejudice resulted from the delay in seeking an indictment and (2) that the delay was an intentional measure to gain a tactical advantage before the indictment can be dismissed. *Id.* at 322–325, 92 S.Ct. at 464–465, 30 L.Ed.2d at 479–81. In addition, this court has recently held that speculative allegations, such as general allegations of loss of witnesses and failure of memories, are insufficient to demonstrate the actual prejudice required by *Marion. United States v. McGough,* 510 F.2d 598, 604 (5th Cir. 1975).

In Butts's case, the government had every right to delay seeking an indictment until it had admissible evidence sufficient for conviction. Butts' argument would require the government to try a defendant immediately after an illegal search even though the inadmissibility of the evidence would doom an attempted prosecution. Butts does not, however, allege the specific prejudice required by *Marion* and *McGough* to set aside an indictment. The district court did not indicate that it based its decision to dismiss on any intentional delay by the prosecution or on any prejudice to

Butts, for in its order it simply stated: "At some point the defendant's right to due process of law must prevail, and in the circumstances here presented it is the court's view that the point was passed." The mere passage of time not constituting the type of actual prejudice necessary to set aside an indictment returned within the appropriate statute of limitations, we reverse the district court's order of dismissal.[2]

Reversed.

---

**2.** Butts also alleged that the government's delay in seeking an indictment was a deliberate tactic intended to purge the "fruits" of the state raid of their illegality. The district court held a suppression hearing, but made no reference to any taint on the evidence in its order of dismissal; rather, the basis for its decision lay in what it considered to be a denial of

Butts' right to due process through the government's delay in seeking an indictment. We make no ruling here on whether the government's evidence should be suppressed as a "fruit" of the unlawful state search, but leave that determination initially to the district court.