UNITED STATES of America,
Plaintiff-Appellee,

v.

Claude Gilliard BYRUM, Jr.,
Defendant-Appellant.

No. 76–2219

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1976.

Rehearing and Rehearing En Banc
Denied Nov. 11, 1976.

Thomas C. Kendrick-Holmes, Macon, Ga. (Court-appointed), for defendant-appellant.

Ronald T. Knight, U. S. Atty., John D. Carey, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

after the order therefor becomes final unless extended under section 3.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Defendant appeals from his conviction on six counts of illegally acquiring and possessing firearms subsequent to conviction of a felony under 18 U.S.C. § 922(a)(6), 18 U.S.C. § 924(d), and 18 U.S.C., App. § 1202(a)(1). He contends that his conviction was secured in a manner violative of the federal constitution because he was denied his Sixth Amendment right to a speedy trial and his Fifth Amendment right to due process of law as a result of pre-accusation delay. Defendant believes that the district court erred in denying his pretrial motion to dismiss the prosecution. We do not agree, and therefore we affirm the decision of the district court.

On September 3, 1974, a United States Magistrate issued a warrant for the defendant's arrest, based on a complaint charging the defendant with the same offenses of which he was ultimately convicted. The warrant proved difficult to execute because the defendant could not be found. It was eventually cancelled without ever having been used on February 17, 1975 when an agent of the Bureau of Alcohol, Tobacco, and Firearms discovered that the defendant was being held for trial on state charges in the Houston County Jail. The next day an agent visited the defendant, and after informing him that the visit was "in connection with some Federal Firearms charges", photographed and fingerprinted him. On March 19, 1976, the defendant was indicted on six counts of illegal acquisition and possession of firearms. His motion to dismiss the prosecution was filed on April 16, 1976. After a hearing, the motion was denied, and defendant was tried, convicted on all six counts, and sentenced on April 19, 1976.

■ The defendant contends that the government's delay of approximately eighteen months from the time the offense was committed until the time the indictment was returned prejudiced him in his preparation of his defense and violated his Sixth Amendment right to a speedy trial. But the protection afforded by the Sixth Amendment was not triggered until the defendant became an accused. *Dillingham v. United States*, 423 U.S 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Duke*, 527 F.2d 386 (5th Cir. 1976). Under *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), "it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge" that renders a person an accused for Sixth Amendment purposes. *Id.* 404 U.S. at 320, 92 S.Ct. at 463, 30 L.Ed.2d at 478–79. The district court found that prior to March 19, 1976, these elements were not present here, and its findings are amply supported in the record. We agree with the district court's conclusion that the defendant's Sixth Amendment rights have not been violated.

■ The defendant also argues that he was denied his Fifth Amendment right to due process of law because the preaccusation delay irreparably prejudiced his ability to prepare his defense and thus precluded the possibility that he could obtain a fair trial. In *United States v. Marion, supra*, the Supreme Court held that in order to prevail a defendant must show that (1) substantial prejudice resulted from the delay and (2) the delay was an intentional device to obtain a tactical advantage over the accused. *Id.* 404 U.S. at 322–25, 92 S.Ct. at 464–65, 30 L.Ed.2d at 479–81; *United States v. Butts*, 524 F.2d 975 (5th Cir. 1975).

■ The defendant asserts that he suffered substantial prejudice as a result of the delay because of the death of a possible witness. He admitted, however, that he did not know exactly when the potential witness had died or what his testimony would have been. This claim of prejudice falls far short of the demonstration of actual prejudice that *Marion* requires. *See* 404 U.S. at 326–27, 92 S.Ct. at 466, 30 L.Ed.2d at 482. Nor has the defendant shown that the delay was a measure adopted by the prosecution to obtain a tactical advantage. On the contrary, the record reveals that the government was unaware of the existence of the defendant's potential witness. We conclude that the defendant has not shown that his Fifth Amendment rights have been violated.

The decision of the district court is AFFIRMED.