BOYER, Chief Judge.
After entering a plea of nolo contendere, specifically reserving the right to appeal, Shuman challenges the trial court’s order denying his motion to dismiss founded upon the ground that he was denied due process because of the failure by the state to “speedily prosecute”. The trial court, without entertaining defendant’s proffer, denied the motion to dismiss citing United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and United States v. Zane, 489 F.2d 269 (5th Cir. 1973).
*697 An examination of the record reveals that appellant’s motion to dismiss alleged prejudice “as a result of the delay”. Indeed, the allegations of the motion are substantially the same as those considered by this Court in State v. Griffin, 347 So.2d 692, Opinion filed this date. Accordingly, pursuant to Griffin, this ease is reversed and remanded with directions that the trial court grant an evidential hearing on the allegations contained in the motion to dismiss. As we held in the Griffin case, however, in order for appellant to prevail on his motion to dismiss he must prove substantially more than the mere passage of time between the date of the alleged defense and the date of commencement of prosecution. He must address the factors discussed in that case, which were not intended to be exhaustive, particularly his allegation of prejudice.
We do not by this opinion hold that any of those factors have been established, but only that appellant is entitled to an opportunity so to do.
IT IS SO ORDERED.
RAWLS and SMITH, JJ., concur.