568 F.2d 365
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert WEST, Kenny Randall, Robert Higgins, William Miller
and Thomas Swan, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HIGGINS and Thomas Swan, Defendants-Appellants.
 Nos. 77-5194 and 77-5321.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 21, 1978.
 
 Theodore J. Sakowitz, Federal Public Defender, Paul M. Korchin, Asst. Federal Public Defender, Miami, Fla., for West.
 Jack J. Taffer, Miami, Fla., for Randall.
 Joel Hirschhorn, Miami, Fla., for Higgins & Miller.
 Fred Haddad, Fort Lauderdale, Fla., for Swan.
 Jack Eskenazi, U. S. Atty., Karen L. Atkinson, Charles O. Farrar, Jr., Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.
 Appeals from the United States District Court for the Southern District of Florida.
 Before COLEMAN, HILL, and RUBIN, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 The defendants in these two criminal cases, as so many others have done since the decision in United States v. Marion, 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468,[1] urge that they have been denied due process because of pre-indictment delay and that this denial of their constitutional rights requires reversal of their convictions and dismissal of the charges against them. Their motions on this ground are without merit because the defendants have not been prejudiced by the delay.
 
 
 2
 In every instance in which a like motion has been raised in this circuit, it has been denied. However, because of variations in language in the more than thirty post-Marion decisions by this court, counsel have been tempted to suggest that the judges of the circuit have not been consistent as to the applicable standards.
 
 
 3
 In this circuit, as in every other, there can be no doubt that the criteria set forth in Marion, supra, as elaborated in United States v. Lovasco, 1977, 431 U.S. 738, 97 S.Ct. 2044, 52 L.Ed.2d 752, govern cases of pre-indictment delay, regardless of any slight variations in the words different panels of the court have used to paraphrase or interpret those criteria.
 
 In Lovasco, the court said:
 
 4
 . . . (S)tatutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide "the primary guarantee, against bringing overly stale criminal charges," (Marion ), at 322, 92 S.Ct. at 464, quoting United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966). But we did acknowledge (in Marion ) that the "statute of limitations does not fully define (defendants') rights with respect to the events occurring prior to indictment," id., 404 U.S. at 324, 92 S.Ct. at 465, and that the Due Process Clause has a limited role to play in protecting against oppressive delay.
 
 
 5
 431 U.S. at 789, 97 S.Ct. at 2048, 52 L.Ed.2d at 758. The court continued:
 
 
 6
 . . . (P)roof of actual prejudice makes a due process claim concrete and ripe for adjudication, (but does not make) the claim automatically valid.
 
 
 7
 431 U.S. at 789, 97 S.Ct. at 2048, 52 L.Ed.2d at 759.
 
 
 8
 Thus Marion makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused.
 
 
 9
 431 U.S. at 790, 97 S.Ct. at 2049, 52 L.Ed.2d at 759.
 
 
 10
 These statements require that a court, in evaluating an asserted due process violation based on pre-indictment delay, consider both the reasons for the delay and the prejudice to the accused. But in identifying a violation, prejudice to the accused is the threshold criterion. As this court recently repeated in United States v. Brand, 5th Cir. 1977, 556 F.2d 1312, 1316:
 
 
 11
 The Supreme Court has held that Marion requires a showing of actual prejudice. United States v. Lovasco, 431 U.S. 738, 97 S.Ct. 2044, 52 L.Ed.2d 752; see United States v. McGough, 5 Cir. 1975, 510 F.2d 598; United States v. Beckham, 5 Cir. 1975, 505 F.2d 1316, cert. denied, 421 U.S. 950, 95 S.Ct. 1683, 44 L.Ed.2d 104; United States v. Zane, 5 Cir. 1973, 489 F.2d 269, cert. denied, 1974, 416 U.S. 959, 94 S.Ct. 1975, 40 L.Ed.2d 310.
 
 
 12
 Though not expressly stated in the prior cases, it is readily inferable from the decisions of this court that the defendants generally bear the burden of establishing actual prejudice. United States v. Bowdach, 5th Cir. 1977, 561 F.2d 1160; United States v. Netterville, 5th Cir. 1977,553 F.2d 903; United States v. Rice, 5th Cir. 1977, 550 F.2d 1364; United States v. Butts, 5th Cir. 1975, 524 F.2d 975; United States v. McGough, 5th Cir. 1975, 510 F.2d 598. But see United States v. Barket, 8th Cir. 1975,530 F.2d 181, cert. denied, 1976, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282.
 
 
 13
 We need not probe here for the characteristics of the possible case that might create an exception to this "generally necessary" element.[2] Here the defendants have neither crossed the threshold nor shown that its pretermission is warranted by some violation of the defendants' constitutional right to due process other than mere delay in indictment.
 
 
 14
 The defendant Swan, in the two-defendant case, 77-5321, urges that the charges against him be dismissed under the Interstate Agreement on Detainers, which applies to federal prosecutions, P.L. 91-538, 84 Stat. 1397-1403 (1970). Resolution of the issue depends on whether a writ of habeas corpus ad prosequendam is a detainer within the terms of the Agreement.
 
 
 15
 Swan was serving a Mississippi state sentence when he was brought by writ to Florida on October 27, 1976. Trial was scheduled for November 8, 1976. On Swan's motion for a continuance, the trial was reset for December 6, 1976. In December 1976, Swan was returned to Mississippi for a federal trial, and returned to Florida in January, 1977 in the five-man case. On April 13, 1977, Swan was returned to federal authorities for sentencing, and a new writ issued to bring Swan to trial in the two-man case on May 5, 1977.
 
 
 16
 If the first writ was a "detainer," then the United States failed to comply with the 120-day rule. The law of this circuit is that a writ is not a "detainer" for IAD purposes, Interstate Agreement on Detainers Act, art. IV(c). U. S. v. Scallion, 5th Cir. 1977, 548 F.2d 1168. While this exact issue is now before the Supreme Court in United States v. Mauro, 2d Cir. 1976, 544 F.2d 588, cert. granted, 1977, --- U.S. ----, 98 S.Ct. 53, 54 L.Ed.2d 71, decision of this case should not be delayed pending action by the court. Swan's sentence in this case is consecutive to the sentence in 77-5194. West, the other defendant in this case, will not be affected by the Mauro decision. For this reason, Swan's appeal in 77-5194 will be severed, and the decision in that case will abide the result in Mauro.
 
 
 17
 The court has heard oral argument on these issues and on the remaining ones raised by counsel. Having carefully considered the oral argument and the briefs, we conclude that the other contentions raised as bases for the appeal are without merit.
 
 
 18
 Consequently, each of the judgments appealed from is AFFIRMED, except the appeal of Swan in 77-5194.
 
 
 
 [1]
 See, e. g., United States v. Bowdach, 5th Cir. 1977, 561 F.2d 1160; United States v. Brand, 5th Cir. 1977, 556 F.2d 1312; United States v. Smyth, 5th Cir. 1977, 556 F.2d 1179; United States v. Shaw, 5th Cir. 1977, 555 F.2d 1295; United States v. Garza, 5th Cir. 1977, 554 F.2d 257; United States v. Catano, 5th Cir. 1977, 553 F.2d 497; United States v. Netterville, 5th Cir. 1977, 553 F.2d 903; United States v. Rice, 5th Cir. 1977, 550 F.2d 1364, all decided this year. A cursory computer check reveals that at least 33 cases on preindictment delay have been decided in the Fifth Circuit alone since Marion
 
 
 [2]
 See United States v. Avalos, 5th Cir. 1976, 541 F.2d 1100, 1107 & n.9