**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rudolph Beaucanon TRAYLOR,
Defendant-Appellant.**

**No. 77–5790.**

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1978.

P. Bruce Kirwan, Federal Public Defender, John R. Martin, Asst. Federal Public Defender, Atlanta, Ga., for defendant-appellant.

William L. Harper, U.S. Atty., Gerrilyn G. Brill, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COLEMAN, GEE and RUBIN, Circuit Judges.

PER CURIAM:

Traylor, complaining of an eight-month delay between his arrest and indictment, appeals the district court's denial of his motion to dismiss. He alleges no specific prejudice resulting from the delay, other than his brief incarceration and matters pertaining to his release on bond. For its part, the government gives no adequate explanation for the long delay but simply states that the U.S. attorney handling the case was frequently absent from his office because of official duties in another town, military leave, and vacations.

Traylor's first problem is that the Speedy Trial Act has not yet become effective. Although the Northern District of Georgia has adopted a local Speedy Trial plan which, at the time of Traylor's arrest required that indictment occur no later than 60 days following arrest,[1] the local plan provides no sanctions for post-arrest, pre-indictment delay. To the contrary, it states that a failure to comply with the time limits prescribed "shall not require dismissal of the prosecution." It therefore does nothing to change the present rule that unnecessary delay in prosecution does not require dismissal unless constitutional rights have been violated. See United States v. Garcia, 553 F.2d 432 (5th Cir. 1977) (interpreting local plan for Southern District of Texas); United States v. Palmer, 502 F.2d 1233, 1234 n. 3 (5th Cir. 1974) (stating that Rule 48(b), F.R.Crim.P., does not require dismissal of an indictment in the event of unnecessary prosecutorial delay if constitutional requirements are satisfied).

Fifth amendment due process considerations apply to oppressive pre-arrest and pre-indictment delay, see United States v. Lovasco, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), but the more specific guarantees of the sixth amendment apply to the post-arrest delay at issue here. In the case of post-arrest, pre-indictment delay, the constitutional test adopted by this circuit demands that the defendant show "substantial actual prejudice" before dismissal of the prosecution is required. See Gravitt v. United States, 523 F.2d 1211, 1215 (5th Cir. 1975). Traylor does not attempt to show that the defense of his case was prejudiced by the eight-month delay, but he does argue that he was prejudiced by reason of his 21-day incarceration, his having to post a $1,000 surety bond, and his rearrest for violating the conditions of his bond.[2]

The issue before us is not whether Traylor was injured by spending 21 days in jail or by being required to post a bond, but whether the trial court erred in concluding that these did not constitute the "substantial actual prejudice" resulting from delay in prosecution required by our authorities.[3] We cannot say that it did.

AFFIRMED.

---

1. The time limitation was shortened to 45 days in July 1977, and is now 35 days, as of July 1, 1978. When the Speedy Trial Act is effective, the time limit will be 30 days, as provided in the Act.

2. Traylor's bond was not, however, revoked; he was allowed to remain at large under the terms and conditions set out in the initial bond.

3. Traylor's appeal was considered on its merits without regard to subsequent events. Because of our continuing supervisory responsibility for implementation of the Speedy Trial Act, we requested further data on whether or not there are presently delays in trials in the Northern District of Georgia. The present U.S. Attorney has reported that he is now conforming fully with the time limits set in the district plan.