**UNITED STATES of America,
Petitioner-Appellee,**

v.

**Ralph BLEVINS, Respondent-Appellant.**

No. 78–3076
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 20, 1979.

Ralph L. Blevins, pro se.

William L. Harper, U. S. Atty., Atlanta, Ga., for petitioner-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Following an attack on another inmate in the United States penitentiary in Atlanta, Georgia, appellant Ralph Luther Blevins was placed in administrative segregation pending institution of criminal proceedings. He was indicted on January 5, 1976, for assault with a dangerous weapon and was convicted and sentenced to a five-year sentence, which was made to run consecutively

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

to the sentence he was then serving. Blevins' conviction was affirmed by this court, and the Supreme Court denied certiorari.[1] Blevins then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255; he alleged that he had been denied the right to a speedy trial by the seven-month delay between his confinement in administrative segregation and his indictment for assault. The district court denied his motion, and this appeal followed. We affirm.

At the outset, we note that the Speedy Trial Act[2] was not effective in the Northern District of Georgia at the time of Blevins' trial. Similarly, the local plan for achieving prompt disposition of criminal cases was not effective until July 1, 1976, also subsequent to his trial. Therefore, Blevins is not entitled to relief unless his constitutional rights were violated by the delay. *United States v. Traylor*, 578 F.2d 108 (5th Cir. 1978). Protection of the sixth amendment's speedy trial provision is activated whenever the individual becomes an accused, either through arrest or otherwise, whether or not an indictment has also been returned. *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). Blevins' confinement in administrative segregation is not an "arrest" or an "accusal" for sixth amendment purposes. *United States v. Manetta*, 551 F.2d 1352 (5th Cir. 1977); *United States v. Duke*, 527 F.2d 386 (5th Cir.), *cert. denied*, 426 U.S. 952, 96 S.Ct. 3177, 49 L.Ed.2d 1190 (1976). Therefore, the *ad hoc* balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), does not apply to the preaccusation delay of which appellant here complains.

Fifth amendment due process considerations govern preaccusation delay cases. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). *Lovasco* requires this court, when evaluating an alleged due process violation based on preaccusation delay, to consider both the actual prejudice to the accused and the reasons for the delay. *United States v. Lovasco*, 431 U.S. at 789–90, 97 S.Ct. 2044, 52 L.Ed.2d 752; *United States v. West*, 568 F.2d 365, 367 (5th Cir.), *cert. denied sub nom. Swan v. United States*, 436 U.S. 958, 98 S.Ct. 3073, 57 L.Ed.2d 1123 (1978). As our decisions make clear, *e. g., United States v. West, supra*, prejudice to the accused is the threshold criterion, and it is this requirement that Blevins has failed to establish. He makes only general allegations that his witnesses' memories faded and that they were unable to relate what "actually happened." He further contends that because of his confinement in the segregation unit, potential witnesses in the general population of the prison were unavailable to him. Yet Blevins made no allegation concerning how more timely testimony by the eight witnesses who testified for him (six of whom were inmates), or by other witnesses unnamed by him, would have benefitted his defense. His general allegations of prejudice are speculative, at best, and are insufficient to establish actual prejudice.[3] *See, e. g., United States v. Duke, supra; United States v. McGough*, 510 F.2d 598 (5th Cir. 1975); *United States v. Zane*, 489 F.2d 269 (5th Cir. 1973), *cert. denied*, 416 U.S. 959, 94 S.Ct. 1975, 40 L.Ed.2d 310 (1974).

AFFIRMED.

---

1. *United States v. Blevins*, 555 F.2d 1236 (5th Cir. 1977), *cert. denied*, 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 761 (1978).

2. 18 U.S.C. §§ 3161–74 (Supp. 1975).

3. Blevins also alleges that he was placed in administrative segregation, that he received a sanction of 300 days lost good-time credit, and that he was deprived of privileges available to prisoners in the general population. From our reading of the record, it appears that these sanctions are not attributable to any preaccusation delay but were imposed by prison authorities after a disciplinary hearing into violations of prison regulations. There is no suggestion that quicker action by federal prosecutors or by the grand jury would have affected his punishment in any way.