**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**DIANNE MAJHOR, Defendant.**

High Court of American Samoa
Trial Division

CR No. 15-03

August 13, 2003

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiff, Marc S. Roy, Assistant Attorney General
    For Defendant, Paul F. Miller

ORDER GRANTING MOTION TO CONTINUE TRIAL

Plaintiff American Samoa Government ("ASG") moves for continuance of the jury trial in this prosecution, now scheduled to begin on August 19, 2003. Defendant Dianne Majhor ("Majhor") opposes the motion. The motion was heard on August 11, 2003. Both counsel and Majhor were present.

The right of a defendant in a criminal prosecution to a speedy trial is at the heart of the issue. This fundamental right of an accused is guaranteed by Article I, Section 6 of the Revised Constitution of American Samoa of 1966, and the Sixth Amendment to the United States Constitution. Speedy trial protection minimizes the possibility of lengthy pretrial incarceration and consequential deprivation of liberty and disruption of life resulting from unresolved criminal charges. *United States v. MacDonald*, 102 S. Ct. 1497, 1502 (1982). The right attaches when a defendant is officially accused. *Id.* at 1501.

Denial of the speedy trial right must be determined on case-by-case basis. The Supreme Court's test for this determination balances the length of delay, reasons for delay, timeliness and vigor of the defendant's assertion of the right, and the degree of prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Application of the *Barker* test is appropriate for an analysis of the issue when raised in this jurisdiction. *Pene v. Am. Samoa Gov't*, 12 A.S.R.2d 43, 45 (App. Div. 1989).

1. Length of Delay.

A threshold showing that the length of delay is presumptively prejudicial to the defendant usually triggers the need to consider the remaining factors. *Barker*, 404 U.S. at 530. It has been said that in general one year is presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992).[1]

---

[1] The federal Speedy Trial Act, 18 U.S.C. §§ 3161-3174, sets specific time limits in order to further implement the speedy trial right in federal criminal prosecutions, and also provides for expansion of the time by several excludable delays. The Speedy Trial Act does not, however, apply to prosecutions in American Samoa, where the issue is more appropriately analyzed under the *Barker* test.

Majhor has been incarcerated since her arrest on March 16, 2003, except for two or three days before her arrest on a different but incidental offense charged in CR No. 20-03. The presumption concept attached to one-year delay has a ways to go. Nonetheless, the length of delay to date is already substantial and sufficient to evaluate the remaining three factors.

2. Reason for Delay.

■ The Court considers whether the delay is deliberate, neutral, or valid. Intentional prosecutorial delay, usually for some strategic purpose, is always suspect. *Barker*, 407 U.S. at 531. There is no evidence, however, that ASG has deliberately caused the delay for any unjustified purpose in this case.

To the contrary, the delay is attributable to several justifiable ends. This case is one of 10 prosecutions arising out of the same factual situation. Expert forensic analysis and testimony from sources outside of American Samoa are involved. The alleged facts as a whole, as well as the legal issues, are unique and relatively complex. The investigation of this incident has been, and still is, ongoing. ASG needs substantial time for proper preparation of all the cases for presentation at trial. The continuing preparation has also led to investigation of potential prosecutions of other alleged offenses.

Moreover, it only makes good sense to resolve the prosecutions for the alleged homicide underlying this case before dealing with the prosecutions of alleged subsequent tampering with evidence. The paramount public interest is best served by first having fair and impartial trials of the homicide prosecutions, untainted by the evidence introduced during the trial of the collateral tampering prosecutions.

At this juncture, the pretrial conferences in the three homicide prosecutions are scheduled, at the request of the defendants in those cases, on September 15, 2003. The trials in those actions will probably be scheduled during those conferences. This scheduling will provide a logical basis for scheduling the trial in this case.

3. Timely Assertion of Speedy Trial Right.

■ Majhor first asserted her right to a speedy trial by her motion filed on May 13, 2003. She certainly did so in a timely manner, and the Court initially sought to accommodate her demand by the August 19, 2003 trial setting. However, unless Majhor is suffering actual prejudice by the delay, the timeliness of her speedy trial demand does not of itself override the reasons for delay noted above.

4. <u>Prejudice to the Defendant.</u>

■ Recognized prejudice from delay usually encompasses oppressive pretrial incarceration, anxiety and concern, or impairment of defenses. *Barker,* 407 U.S. at 532. The defendant must demonstrate actual prejudice in one or more of these three areas, or in some other significant way. *United States v. Greer,* 60 F.2d 1383, 1386 (10th Cir. 1980); *Pene,* 12 A.S.R.2d at 45.

■ In light of the reasons for delay noted above, Majhor's pretrial incarceration and heightened anxiety, if any, during the delay are not persuasive reasons to proceed with the trial on August 19, 2003. *See United States v. Van Dyke,* 605 F.2d 220, 226 (6th Cir. 1979); *United States v. Taylor,* 578 F.2d 108, 109 (5th Cir. 1978). Significant specific impairment of her defense would be persuasive, but at this point, Majhor has failed to show any such impairment.

## Order

ASG's motion to continue the jury trial in this action is granted, and the scheduled trial date on August 19, 2003, is vacated. When the trial dates in CR Nos. 8-03, 9-03 and 10-03 are known, the Court will conduct a hearing in this action to reschedule the trial to commence on a date after the probable completion of the trials in those three cases.

It is so ordered.