Reginald S. Oliver, J.
The above defendant has been indicted for the crime of rape in the second degree. His counsel has moved for a blood grouping test to ascertain whether the defendant is the father of a child born to the female in question, who steadfastly maintains she has never had intercourse with any other male. There is some evidence to the contrary.
The sole question on this motion is whether a blood grouping test should be authorized to impeach the credibility of the complainant in the event the result of such test excluded the defendant as the father of the child. Such exclusion, together with the defendant’s denial, could well raise a reasonable doubt as to his guilt.
Formerly, .section 684-a of the Code of Criminal Procedure authorized a serologic blood test when “ relevant upon any criminal investigation, proceeding or trial to determine the parentage of any child, or the identity of any person or corpse ”. The results were admissible only where definite exclusion was established.
This provision of the law has been omitted from the Criminal Procedure Law. See, however, CPLR 3121, authorizing a blood test, but with no limitation as to its admissibility only in the event of an exclusory result.
There is some authority to grant the defendant’s motion.
In People v. Tashman (233 N. Y. S. 2d 744) Justice Miles F. McDonald reasoned that a blood test should be ordered in a rape second prosecution, since the results of such test bears directly on the credibility of the complainant. The complainant had asserted in her preliminary examinations that she had never engaged in sexual intercourse with any one except the defendant. Other cases to the contrary are distinguishable. (See People v. Karlan, 13 N. Y. S. 2d 482; People v. Seeley, 75 N. Y. S. 2d 833.)
Even though the Criminal Procedure Law has no provision similar to section 684-a of the Code of Criminal Procedure the *1090 court holds that the defendant is entitled to the order, not because parentage is in issue, but because the credibility of the complainant has a direct bearing on his guilt or innocence. (See Richardson, Evidence [9th ed.], § 399.)
Submit an order directing a blood grouping test on the defendant, the complainant, and the infant, to be conducted by a physician experienced in such tests and agreeable to both the defendant and the People.