DILLINGHAM *v.* UNITED STATES

No. 74–6738.   Decided December 1, 1975

PER CURIAM.

An interval of 22 months elapsed between petitioner's arrest and indictment, and a further period of 12 months between his indictment and trial, upon charges of automobile theft in violation of 18 U. S. C. §§ 371, 2312, and 2313.   The District Court for the Northern District of Georgia denied petitioner's motions—made immediately after arraignment and posttrial—to dismiss the indictment on the ground that petitioner had been denied a speedy trial in violation of the Sixth Amendment.   The Court of Appeals for the Fifth Circuit affirmed, holding that under *United States* v. *Marion,* 404 U. S. 307 (1971), the 22-month "pre-indictment delay . . . is not to be counted for the purposes of a Sixth Amendment motion absent a showing of actual prejudice."   502 F. 2d 1233, 1235 (1974).   This reading of *Marion* was incorrect.   *Marion* presented the question whether in assessing a denial of speedy trial claim, there was to be counted a delay between the end of the criminal scheme charged and the indictment of a suspect not arrested or otherwise charged previous to the indictment. The Court held: "On its face, the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons

who have been 'accused' in the course of that prosecution. These provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time." 404 U. S., at 313. In contrast, the Government constituted petitioner an "accused" when it arrested him and thereby commenced its prosecution of him. *Marion* made this clear, *id.,* at 320–321, where the Court stated:

> "To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends. These considerations were substantial underpinnings for the decision in *Klopfer* v. *North Carolina,* [386 U. S. 213 (1967)]; see also *Smith* v. *Hooey,* 393 U. S. 374, 377–378 (1969). So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment.

> "Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge."

See also *Barker* v. *Wingo,* 407 U. S. 514, 519–520, 532–533 (1972).*

---

*The Memorandum for the United States in Opposition, p. 4, states that *"Marion* appears to leave little doubt . . . that [the

Petitioner's motion to proceed *in forma pauperis* and the petition for certiorari are granted. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

THE CHIEF JUSTICE dissents.

---

Court] believed that the policies that inform the right to a speedy trial reach beyond the indictment stage of criminal proceedings and that the right consequently attaches either at the point at which a person is arrested and held to answer on a criminal charge or when he is formally charged by indictment or information, whichever occurs earlier . . . ." Accord, *United States* v. *Macino,* 486 F. 2d 750 (CA7 1973); *United States* v. *Cabral,* 475 F. 2d 715 (CA1 1973); *Edmaiston* v. *Neil,* 452 F. 2d 494 (CA6 1971).