**Jerry Eugene GRAVITT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–4046.

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1976.

Michael P. Dodson, Tallahassee, Fla. (Court-appointed), for petitioner-appellant.

Clinton Ashmore, Asst. U. S. Atty., Tallahassee, Fla., for respondent-appellee.

ON PETITIONS FOR REHEARING AND PETITIONS FOR REHEARING EN BANC

(Opinion November 21, 1975, 5 Cir. 1975, 523 F.2d 1211)

Before BELL, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Since the publication of the original panel decision in this case, the Supreme Court has addressed the issue of the effect of post arrest pre-indictment delay upon the Sixth Amendment right to speedy trial. See *Dillingham v. United States,* 1975, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205. That opinion makes clear that arrest may constitute the initiation of prosecution for purposes of the test set forth in *Barker v. Wingo,* 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. Our criticism, Note 7 of our original opinion, 523 F.2d 1211, at 1215, of *United States v. Palmer,* 5 Cir. 1974, 502 F.2d 1233, reversed *sub nom., Dillingham v. United States,* supra, does not differ materially from the Supreme Court's rationale. Appellant's petition for rehearing en banc urges that we construe Note 7, and now *Dillingham,* as requiring reversal of Gravitt's conviction. But *Dillingham* may not be controlling here.

We reiterate the point made in Note 6, 523 F.2d 1211, at 1215, that for purposes of the speedy trial rule, the nature of arrest determines when the right attached. Appellant was arrested on state charges. Our remand requires the district court to determine, for Sixth Amendment purposes, when federal prosecution commenced. We regarded it as occurring at a time "prior to the return of the first indictment, when he was in state custody, [when] federal authorities knew where to locate him, a formal complaint was filed, and an arrest warrant issued," 523 F.2d 1211 at 1215. Ascertainment of this date is the determining factor as to the speedy trial issue, and is the basis for our remand. The district court should decide the impact, if any, of *Dillingham* upon this issue.

None of the other grounds for rehearing raised by either the appellant or the government require comment.

The Petitions for Rehearing are denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petitions for Rehearing En Banc are denied.