■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES STALEY, Appellant. (Appeal No. 1.)—Judgment affirmed. Memorandum: On August 19, 1972 defendant was arrested on charges of criminal possession of

stolen property and reckless endangerment. He spent four days in jail until bail was posted. In September, 1972 he appeared in Buffalo City Court. On motion of the District Attorney the charges against him were dismissed without prejudice for possible presentment to the Erie County Grand Jury. Thereafter, in March, 1975 an indictment was returned. Prior to trial defendant moved to dismiss the indictment on the ground that the 31-month delay between the date of his arrest and the date upon which the indictment was returned violated his right to a speedy trial under CPL 30,30 and the Sixth Amendment to the United States Constitution. His motion was denied on the ground that no prejudice was shown and, following conviction by a jury, he was sentenced to a one-year term in the Erie County Correctional Facility. The proceedings against defendant arising out of his August, 1972 arrest were terminated in September, 1972 when the charges then pending were dismissed by Buffalo City Court. During the period that followed, until the date he was indicted, defendant did not stand charged of any crime nor was he under any form of restraint, custodial or otherwise. The delay of 30 months between the date of dismissal and the date of the indictment, therefore, constituted preindictment delay, not covered by the Sixth Amendment, absent a showing of actual prejudice *(United States v Marion,* 404 US 307). *Dillingham v United States* (423 US 64) is inapplicable. It does not contemplate a situation in which a dismissal of the charges intervened between the arrest date and the date of indictment. In *Dillingham* the court was concerned with a case in which a defendant was continuously held subject to the restraints of arrest and pending prosecution for a 22-month period until an indictment was returned and a trial was commenced. Here, defendant was under no such restraint and, accordingly, the judgment should be affirmed. All concur except Cardamone, J. who dissents and votes to reverse the judgment and dismiss the indictment in the following memorandum: Defendant, aged 18, was arrested on August 19, 1972 for criminal possession of stolen property and reckless endangerment under Indictment No. 40,211. He was detained in jail for four days until $500 bail was posted. At his September, 1972 appearance in Buffalo City Court the District Attorney of Erie County successfully moved to dismiss the charges "without prejudice for possible direct presentment to the Grand Jury." Thirty-one months later, in March, 1975 following presentment by the District Attorney, the Erie County Grand Jury indicted defendant on the same charges. Following a jury trial he was convicted for an unauthorized use of a motor vehicle, a class A misdemeanor, and sentenced to a one-year term in the Erie County Correctional Facility. Prior to trial defendant had moved to dismiss for failure to prosecute. The motion was denied by the trial court because it concluded that defendant had failed to demonstrate any prejudice arising from the 31-month delay. The judgment of conviction should be reversed and the indictment dismissed. The right of a speedy trial guaranteed by the Sixth Amendment of the United States Constitution and by statute (CPL 30.30) was designed to prevent exposure to the hazards of a trial after too great a time lapse. The Court of Appeals recently identified the factors to be considered on a motion to dismiss for failure to prosecute, as follows: (1) length of the delay; (2) reason for it; (3) nature of the charges; (4) whether there has been extended pretrial incarceration; and (5) whether the defense was impaired by the delay *(People v Taranovich,* 37 NY2d 442, 445). Although there was no extended pretrial incarceration, there was an unexplained 31-month delay. The nature of the charges were simple. The arresting officers witnessed the unauthorized use of a motor vehicle, gave chase and captured defendant on the spot. In any event, none of the factors

set forth in *Taranovich* were urged upon us by the respondent. Instead, respondent contends that the September, 1972 dismissal in City Court interrupted the continuity of and abated the prosecution for the period in inaction until the indictment was handed down in March, 1975. I cannot agree. The speedy trial guarantee is activated from the time when defendant is an "accused;" that date commenced when he was arrested and detained *(Dillingham v United States,* 423 US 64, *supra).* Merely because the prosecution elects to change the procedure by which it prosecutes a defendant for a particular crime does not dissipate the disruption to that defendant's life or the anxiety he must suffer while he awaits the prosecution's pleasure respecting a Grand Jury presentment. *(Klopfer v North Carolina,* 386 US 213). The majority relies for its affirmance upon *United States v Marion* (404 US 307). Unlike *Marion,* however, where an unarrested defendant failed to show actual prejudice arising from a 22-month delay preceding his arrest, this defendant was arrested, charged and detained in jail on the charges. The rationale expressed in *Dillingham* (p 65) is that " 'Arrest is a public act that may seriously interfere with the defendant's liberty,' " it may " 'disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, create anxiety in him, his family and his friends.' " Once a defendant has been arrested and charged, regardless of a dismissal without prejudice, the public suspicion attendant upon such an untried accusation of crime hangs over such a defendant and the rationale in *Dillingham* applies. Thus, since speedy trial guarantees had attached, any indictment against this defendant should have been more promptly obtained. A 31-month delay, standing unexplained, under the balancing guidelines set forth in *People v Taranovich (supra)* deprives this defendant of his constitutional right to a speedy trial *(Barker v Wingo,* 407 US 514). (Appeal from judgment of Supreme Court, Erie County convicting defendant of unauthorized use of a motor vehicle.) Present—Moule, J. P., Cardamone, Simons and Mahoney, JJ.