Lewis FAGAN, M.D., Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–3595.

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1977.

George D. Gold, Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., David F. Geneson, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

TUTTLE, Circuit Judge:

A jury convicted petitioner Fagan of three counts of tax evasion in violation of 26 U.S.C. § 7201 for the years 1964, 1965 and 1967. This Court affirmed the conviction on direct appeal, *United States v. Fagan,* 472 F.2d 1407 (5th Cir. 1973), and a subsequent motion for a new trial was denied by the trial court and affirmed on appeal, 487 F.2d 1400 (5th Cir. 1974).

This appeal contests the district court's denial of Fagan's section 2255 motion for postconviction relief. Petitioner is currently on probation, having served 90 days of an eighteen month sentence, the remainder having been suspended pursuant to the split sentence provisions of 18 U.S.C. § 3651, in lieu of which petitioner was placed on probation for five years and fined $10,000.

## I. PRIOR PROCEEDINGS

Petitioner is a physician. His troubles with the IRS began when Hicks, an attorney representing another party in civil litigation against Fagan, discovered that the tax accounting methods employed by Fagan in his medical practice were less than exemplary. Hicks arranged for two former Fagan employees, Linda Stone and Barbara Willis, to meet with IRS Agent Jaffee to discuss petitioner's methods of reporting income. Following a June 2, 1969 interview with the two women, who had done bookkeeping work for Fagan, Agent Jaffee obtained a search warrant for and seized a large number of records, books, papers and other written and printed matter from Fa-

gan's office. On June 3, 1969, Hicks deposed Fagan in connection with the pre-existing civil action; transcripts of the deposition were obtained by Agent Jaffee on October 6, 1969. Approximately 20 months later, after an extensive investigation into Fagan's tax and accounting records, he was indicted and arrested in April, 1971. Three months later, in July, 1971, Fagan moved to suppress and have returned all evidence seized in the earlier June, 1969 search. At a suppression hearing held on November 2, 1971, the district court ruled that Fagan's private tax records were protected by the fifth amendment against seizure and use in a prosecution against him, but permitted the Government to retain and use the tax records of Fagan & Fagan, P.A., which were the corporate records of the medical practice of Fagan and his brother. At a subsequent "taint" hearing held on February 2, 1972, the district court required the Government to show by a preponderance of the evidence, *see Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), that each witness the Government planned to call and each exhibit it planned to use, had been derived from an independent source other than the evidence which had previously been suppressed. Stating his intention to favor suppression "where the evidence conflicts or where the defendant has raised a substantial doubt as to the source which led the prosecution to a given witness or document," the trial court found that six proposed witnesses and two items of documentary evidence were fruit of the forbidden tree, and refused to allow the witnesses to testify or the documents to be introduced. Trial commenced on February 14, 1972, and petitioner was convicted by the jury. On direct appeal to this Court, he challenged only the admission of "other crimes" evidence to prove intent, but the contention was unsuccessful. In his section 2255 petition, Fagan raised five new and different grounds for relief, all of which were denied by the district court. We affirm.

## II. "TAINTED" TESTIMONY

Petitioner does not contend that the trial court failed to suppress certain illegally

seized evidence at the November, 1971 suppression hearing, nor does he challenge the sufficiency of the search warrant or the manner of its execution. Instead, he claims that because the Government used the illegally seized material to refresh its witnesses' recollection during the course of pre-trial investigation and preparation, their testimony was "tainted" and should not have been admitted.[1] We cannot agree.

 First, we note that the trial court conducted a rather searching "taint" hearing at which petitioner was given the benefit of every doubt. On this appeal, petitioner points to no specific facts suggesting that the trial court was clearly erroneous in determining that the Government had proved an independent source for the testimony actually used. Petitioner offers only general assertions of impropriety as a basis for disturbing the trial court's action, but after reviewing the record we can discover no reversible error. Indeed, it is hard to imagine how the Government's main witnesses could have been "tainted" by exposure to the sets of double books which they testified *petitioner had instructed them to keep.*

 Second, we doubt that the witnesses were legally "tainted" by exposure to petitioner's private business records. In *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), and *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), the Supreme Court has made it clear that the fifth amendment protection of "personal security, personal liberty, and private property," *Boyd v. United States,* 116 U.S. 616, 630, 6 S.Ct. 524, 532, 29 L.Ed. 746 (1886), does not amount to a general privilege for private papers. Rather, those cases establish that the privilege can be invoked only when the actual preparation of the documents or the making of the written declarations which they contain, has been compelled. When a docu-

ment has been created voluntarily—as Fagan's private papers had been—the fifth amendment does not bar its use in a prosecution providing the document has been obtained by a lawful seizure or pursuant to a valid subpoena.

### III. SPEEDY TRIAL

From the time petitioner's records were seized to the time he was indicted and arrested, some twenty months elapsed. From arrest to trial, ten months elapsed: three months went by before Fagan moved to suppress the seized documents, and in the remaining seven months the trial court held two hearings (the suppression hearing and the "taint" hearing) before the trial began.

 It is true, as petitioner contends, that *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) (per curiam), held that a 22-month delay between *arrest* and *indictment* must be counted toward determining whether a criminal defendant has been afforded a speedy trial. Petitioner, who was tried within ten months of his indictment and arrest, claims that for speedy trial purposes the Government was required to count its starting time from the date of the 1969 *search* rather than the 1971 *arrest* and *indictment.* We disagree.

The Supreme Court in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), held that:

> "the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution. These provisions would seem to afford no protection to those not yet accused, *nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time.* (Emphasis added.) 404 U.S. at 313, 92 S.Ct. at 459.

---

1. Petitioner also claims that perjured testimony was used against him, that the Government secretly allied itself with a private attorney in order to obtain damaging admissions from petitioner in the course of a private civil litigation deposition, and that he was denied the effective assistance of counsel in making his direct appeal. These contentions are adequately and correctly disposed of by the district court in its order of dismissal, and we see no reason to elaborate.

*Dillingham* held that a person is "accused" within the meaning of the sixth amendment when he is arrested. 423 U.S. at 65, 96 S.Ct. 303. It should be plain that *Marion*'s holding, which the Court applied in *Dillingham,* cannot be stretched back to the commencement of an *investigation* by a validly executed search warrant. *Cf. Gravitt v. United States,* 523 F.2d 121 (in which case the time at issue was between original *arrest* and trial).

The judgment of the district court denying relief is AFFIRMED.