Chief Judge Breitel.
Defendant, convicted after a jury trial of unauthorized use of a vehicle (Penal Law, § 165.05), seeks reversal of his conviction and dismissal of the indictment. The Appellate Division affirmed the conviction, one Justice dissenting, and defendant appeals.
Defendant had been arrested and the charges dismissed, without prejudice to presentation to the Grand Jury, at the prosecutor’s request. Thirty-one months later, for no stated reason explaining the delay, an indictment was returned. The issue is whether the unexplained delay deprived defendant of a constitutionally guaranteed speedy trial or of due process of law, thus requiring dismissal of the indictment.
The order of the Appellate Division should be reversed, and the indictment dismissed. Once a suspect has been proceeded against in some sort of judicial proceeding as an accused, either by arrest, indictment, or other pretrial proceeding, he is entitled, in the absence of prosecutorial justification or excuse, to reasonably prompt prosecution of the charges against him. The guarantee of prompt prosecution is derived in part from the constitutional right to a speedy trial, but in more encompassing terms, from the constitutional mandate of due process of law. As a result of the wholly unexplained 31-month delay, defendant was denied reasonably prompt prosecution of charges, a denial of due process of law which should result in the dismissal of his indictment.
*791 About August 15, 1972, a Cadillac automobile was stolen from one Angelo Plumeri. Four days later, defendant, seen driving the car, was arrested after a protracted chase, during which the car crashed into a house. Charged with criminal possession of stolen property and reckless endangerment, defendant was arraigned the next day. He evidently spent four days in jail before bail was posted (dissenting opn at App Div). Then, on September 21, 1972, the complaint was dismissed at the request of the District Attorney so that the charges could be directly presented to the Grand Jury, and the bail was discharged. The case was then apparently forgotten, for more than two and one-half years, until March 25, 1975, when defendant was indicted.
The indictment for the 1972 offense was tried, finally, in September, 1975, after defendant had entered, and then withdrawn, a guilty plea. At trial, defendant’s motion to dismiss the indictment for failure to prosecute promptly was denied. The jury found defendant guilty of unauthorized use of a vehicle, and the court sentenced defendant to one year in prison. (Defendant pleaded guilty to another 1972 automobile crime, under indictment No. 40,211-A, and has been sentenced. That conviction is not involved in this appeal.)
By statute, this State has long guaranteed criminal defendants the right to a speedy trial (CPL 30.20; see People v Prosser, 309 NY 353, 356; see, also, CPL 30.30).
There has been in recent years a considerable expansion of the Federal constitutional right to a speedy trial (see Dillingham v United States, 423 US 64, 64-65; United States v Marion, 404 US 307, 320-321; Klopfer v North Carolina, 386 US 213, 221-226). Once an arrest has been made, the criminal proceeding is deemed to have started, and defendant is entitled, constitutionally, to a speedy trial (Dillingham v United States, 423 US 64, 65, supra).
Even before the Supreme Court’s most recent broadening of the constitutional guarantee of a speedy trial, however, this court recognized that unreasonable delay in prosecuting a defendant constitutes a denial of due process of law (People v Winfrey, 20 NY2d 138, 143; see People v Wilson, 8 NY2d 391, 394-395). And, when unexplained or inexcusable preindictment delay and postindictment delay, taken together, work a deprivation, it is a deprivation of düe process of law. In such case, it is unnecessary to determine whether the postindictment delay alone is sufficiently unreasonable to mandate *792 dismissal of an indictment (see People v Winfrey, 20 NY2d 138, 143-144, supra).
Moreover, in this State, failure to conduct a prompt prosecution, in a proper case, may require dismissal of an indictment even in the absence of prejudice to the defendant. (See People v Taranovich, 37 NY2d 442, 447; People v Blakley, 34 NY2d 311, 317; for a less liberal rule see Barker v Wingo, 407 US 514, 532, 534; United States v Finkelstein, 526 F2d 517, 526, cert den sub nom. Scardino v United States, 425 US 960; United States v Ferrara, 458 F2d 868, 875, cert den 408 US 931; but see Dillingham v United States, 423 US 64, 64-65, supra.)
Society, as well as the defendant, has an important interest in assuring prompt prosecution of those suspected of criminal activity (People v Johnson, 38 NY2d 271, 276). Prompt prosecution removes criminals from society’s midst, and allows correctional authorities to start the rehabilitation process (see id., p 276). It is more than of passing significance that defendant at the time of his arrest was 17 years old, perhaps still within the age group when the probability of rehabilitation is greater than at a later age.
Of course, the constitutional guarantee of due process of law provides no absolute, simple, or single standard. Delays due to difficulty in obtaining sufficient evidence to indict or even to arrest do not mandate dismissal of charges, subject of course to the Statute of Limitations. Similarly, delays due to difficulty in locating a suspect, and other delays may also be excused. But, once a person stands accused of a crime, he must be prosecuted promptly. Sheer neglect or trifling, as in this case, is not permissible.
As already discussed, when the delay is long enough, the charges must be dismissed whether or not defendant’s ability to present a defense has been shown to have been hampered. Even shorter delays may result in a deprivation of constitutional rights, especially if it is shown that the defendant has been prejudiced by the delay. As with the right to speedy trial, the due process right to prompt prosecution must be tested on a balancing analysis, with seriousness of the crime and length of the delay being significant factors, among others (see People v Taranovich, 37 NY2d 442, 445-447, supra).
In this case, after defendant’s initial arrest, 31 months passed before indictment. This extraordinary time-lapse without acceptable excuse or justification would, without question, *793 be cause for dismissal of the indictment. The intervening dismissal of the charges without prejudice, made on the prosecutor’s own request, should not change the result. Indeed, it adds strength to the grounds for dismissal.
Defendant’s arrest, and the circumstances surrounding it, established him as an accused, and in fact provided considerable evidence of defendant’s guilt. The prosecution had its man, and the defendant knew he stood accused. The dismissal, designed solely to allow the prosecutor to present the case to the Grand Jury, did not alter this situation, despite defendant’s temporary freedom of movement.
Whether through inadvertence, neglect, or malice, the prosecutor’s office allowed this 17-year-old defendant to remain in legal limbo for more than two and one-half years. This is not a permissible omission after defendant has first been arrested and thus put on notice that a criminal proceeding is contemplated. It is no answer that defendant made no effort to clarify his status, for this court has long recognized that a defendant should not be expected to push his own prosecution (People v Prosser, 309 NY 353, 358-359, supra). The primary responsibility for assuring prompt prosecution rests with the prosecutors. A failure in that responsibility unexplained by acceptable excuse or justification dictates dismissal of the indictment.
Accordingly, the order of the Appellate Division should be reversed, and the indictment dismissed.