STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
DAVE HAMLET, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 4, 1978—Decided January 20, 1978.

Before Judges HALPERN, LARNER and KING.

*Mr. Philip Elberg,* designated attorney, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Ms. M. Geraldine O'Halloran,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney; *Mr. R. Benjamin Cohen,* Assistant Prosecutor, of counsel).

PER CURIAM. Defendant was convicted of distribution of a controlled dangerous substance (*N. J. S. A.* 24:21–19(a)) and conspiracy to distribute a controlled dangerous substance (*N. J. S. A.* 24:21–24). Two concurrent sentences to the Essex County Correction Center were suspended and he was fined and placed on probation.

Defendant's appeal is limited to an allegation of error in the denial of his motion to dismiss the indictment made under *R*. 3:25–3 because of unreasonable delay in its disposition.

The motion to dismiss was heard on an evidential hearing before a judge prior to trial. The judge made detailed factual findings and concluded that the delay was not unreasonable under the particular facts herein and denied the motion.

Evidence was submitted to a grand jury on a direct presentation by the prosecutor and resulted in the return of the indictment in December 1971 relating to an offense which occurred on July 27, 1971. Defendant was not arrested or arraigned either prior to or immediately subsequent to the indictment.

There was substantial testimony in the record relating to efforts by prosecutor's detectives and sheriff's officers to locate and arrest defendant commencing February 1972 until August 6, 1975 when defendant was found in the Newark jail where he was confined as a result of an arrest under traffic violation warrants.

The narrow issue herein is whether delay after indictment, where defendant has not been arrested or arraigned because of the inability of prosecution officials to locate him, is sufficient without more to warrant the dismissal of an indictment. We emphasize the qualification "without more" because there is no claim that the delay was a wilful or deliberate tactic by the State, nor is there any showing of actual prejudice to defendant in his defense.

██ Defendant's only assertion on appeal in the area of prejudice is a general claim that he does not remember what he was doing on the day of the offense charged in the indictment. Such a claim has no validity as an element of prejudice on a motion to dismiss because of a speedy trial violation. As we said in *State v. Roundtree*, 118 *N. J. Super.* 22 (App. Div. 1971):

A mere claim of general inability to reconstruct the events of the period in question is insufficient to establish the requisite prejudice as a basis for a reversal or dismissal of the charge. Particular circumstances resulting from the delay other than a general inability to recollect or reconstruct events on the day of the alleged offense must be shown. [at 29]

Although the record reflects that the efforts to locate defendant were not thorough or exhaustive, nevertheless there is substantial evidence to support the finding by the court that "reasonable" efforts were undertaken. These included inquiries at available addresses and post office facilities, examination of telephone directories, inquiries at Essex County and State correctional institutions and at the office of the Newark Welfare Agency, as well as notification by teletype of appropriate police authorities throughout the country that defendant was wanted.

■ In any event, the issue before us does not depend upon an evaluation of prosecution efforts to find defendant in order to conclude whether there was any avenue of investigation which was neglected or whether a more conscientious search would have been more successful. As long as the picture of reasonable efforts negates any inference of wilful neglect or total abdication of the State's function, it should play no part in determining the merits of a speedy trial motion. See *State v. Rodriguez,* 112 *N. J. Super.* 513, 515–516 (App. Div. 1970).

It is noteworthy that defendant has not argued his motion to dismiss before the trial court or on appeal on the thesis of a constitutional deprivation under the Sixth or Fourteenth Amendments. He has rather addressed his motion to the right codified in this State by *R.* 3:25–3 of the rules governing criminal practice. Nevertheless, we are satisfied that the denial of the motion to dismiss was warranted, whether viewed as a discretionary act under *R.* 3:25–3 or as a determination based upon the rejection of constitutional arguments.

■ Under the unusual fact pattern involved herein in which there was a legitimate reason for this delay and de-

fendant had no knowledge of his indictment in 1971 nor arrested until 1975, the significant factor in the determination of a motion to dismiss is whether the delay between the commission of the offense and trial resulted in actual prejudice. Such prejudice, accompanied by lack of legitimate reason for delay, has been held to warrant a dismissal under New Jersey rules or the constitutional mandate of due process under the Fourteenth Amendment. See *State v. Cichetto*, 144 *N. J. Super*. 236, 238 (App. Div. 1976); *State v. Roundtree, supra*, 118 *N. J. Super*. at 28; *State v. Rodriguez, supra*.[1] And the mere interposition of the indictment without knowledge of or consequences to defendant would not vary the result in either case.

Even if we were to apply to this case the criteria of the Sixth Amendment guarantee as expressed by the Supreme Court in the four-fold balancing test of *Barker v. Wingo*, 407 *U. S.* 514, 530–553, 92 *S. Ct.* 2182, 2191–2193, 33 *L. Ed.* 2d 101, 116–119 (1972), the same result would obtain. Since defendant was not aware of the indictment during the period prior to August 1975 and was not arrested or required to post bail, he was not subjected to the inherent prejudice resulting from the extended period of an outstanding criminal charge. Compare *Barker v. Wingo, supra*, 407 *U. S.* at 537–538, 92 *S. Ct.* at 2195, 33 *L. Ed.* 2d at 120–121; *United States v. Marion, supra*, 404 *U. S.* at 320, 92 *S. Ct.* at 463, 30 *L. Ed.* 2d at 478 (concurring opinion of White, J.). The reasons assigned by the State in justification of the delay are reasonable. The assertion of defendant's right to a speedy trial before August 1975 was impossible because of his lack of knowledge of the charge against him.

---

[1] It is doubtful whether the speedy trial provision of the Sixth Amendment can be herein invoked where defendant seeks to rely upon the delay prior to arrest and where he suffered no consequences from the 1971 indictment. See *Dillingham v. United States*, 423 *U. S.* 64, 96 *S. Ct.* 303, 46 *L. Ed.* 2d 205 (1975); *United States v. Marion*, 404 *U. S.* 307, 321–322, 92 *S. Ct.* 455, 463–464, 30 *L. Ed.* 2d 468, 479 (1971).

■ Thus, there remain the factors of the four-year delay between the technical return of the indictment and trial (without consequential effects on defendant) and the absence of actual, tangible prejudice. In balancing all the factors herein on an *ad hoc* basis we conclude that defendant was not deprived of a fundamental right to an early disposition of the charge against him. See *State v. Szima*, 70 *N. J.* 196, *cert.* den. 429 *U. S.* 896, 97 *S. Ct.* 259, 50 *L. Ed.* 2d 180 (1976); *State v. Smith*, 131 *N. J. Super.* 354 (App. Div. 1974), aff'd o. b. 70 *N. J.* 213 (1976).

Affirmed.