STATE OF WEST VIRGINIA

*v.*

IRA L. "CORKY" LAWSON

(No. 13949)

Decided June 17, 1980.

*E. Dennis White, Jr. and Bernard T. Nibert, II,* for Lawson

*Chauncey H. Browning,* Attorney General, *Richard L. Earles,* Assistant Attorney General, for State.

NEELY, CHIEF JUSTICE:

Ira L. "Corky" Lawson appeals his statutory rape conviction in the Circuit Court of Lincoln County. Appellant contends that he was denied access to evidence that could have been exculpatory because the court refused to grant a continuance until the victim's baby was born so that a blood grouping test to determine paternity could be performed. In addition, appellant argues that the circuit court erred by improperly sentencing him to an indeterminate sentence of ten to twenty years in the West Virginia penitentiary since *W. Va. Code* 61-11-16 [1965] requires a definite sentence.[1] We agree with the appellent and remand this case for the limited purpose of correcting these two errors, but if the evidence from the blood test does not establish that the defendant is not the father, the sentence, once it is made definite, will be reentered.

The facts surrounding the alleged rape are in dispute; the victim's family claim that the rape occurred on 17

---

[1] The Court has also considered all the other assignments of error, including the ineffective assistance of counsel and the insufficiency of the evidence and we find these assignments do not have sufficient merit to warrant discussion; we note that counsel for the appellant started at oral argument that he would be satisfied with a remand to correct only the two errors under consideration.

January 1975 when the victim was left at the home of the defendant while the victim's mother and the defendant's mother went to a club for the evening, while the defendant's mother claims that the victim spent the night at the defendant's home on only one occasion, 28 December 1974, the birthday of the defendant's sister who was a friend of the victim. Each family has a conflicting view of the facts surrounding the alleged rape, but the State produced one witness, Wendell Weisong, who testified that the appellant had said to him, "I think she (the victim) is pregnant and it is by me." The victim testified that she had never engaged in sexual intercourse before the alleged act of the defendant.

I

In our case the matter of the paternity of the child is not the central issue, but rather whether the defendant committed statutory rape as defined in *W. Va. Code,* § 61-2-15 [1965].[2] However, the paternity of the child is a relevant fact in this case because the victim testified that this was the only instance of sexual intercourse in which she had engaged. Thus, if the defendant had been able to establish by a blood test that he could not possibly have fathered the child, he would have effectively impeached the victim's testimony.[3] We are not unmindful of the fact that the trial court had one disinterested

[2] Under the present statute the defendant would have been guilty of sexual assault in the third degree, *W. Va. Code* 61-8B-5 [1976].

[3] In *People v. Tashman,* 233 N.Y.S.2d 744 (1962), the New York court stated that although the paternity of a child born to a complaining witness below the age of consent was not at issue, where the complaining witness testified that she had never engaged in sexual intercourse except with the defendant, the evidence would be competent and relevant because it could exclude the defendant as a possible father of the child. Similarly, in *People v. Bynon,* 146 Cal. App.2d 7, 303 P.2d 75 (1956), the California court held that in a statutory rape case a blood test of the infant born as a result of an alleged rape by the defendant was material and relevant to determine the potential impossibility of the defendant being the parent. For more recent support *see, People v. Washburn,* 75 Misc.2d 1088, 349 N.Y.S.2d 978 (1973); *Bowen v. Eyman,* 324 F. Supp. 339 (U.S.D.C. Ariz. 1970); and, Annot., 46 A.L.R.2d 1000 (1956).

witness who testified against the defendant; however, we believe that the defendant was entitled to his continuance to secure potentially exculpatory evidence.

We do not believe, however, that the failure to grant the defendant's motion for a continuance constitutes an error that demands an automatic reversal of the defendant's conviction. Therefore, we remand this case on the limited basis that the trial court should order blood tests performed upon the child, victim, and the defendant. If the blood tests establish lack of paternity, then the defendant's motion for a new trial should be granted; however, if they are merely inconclusive, the conviction should stand. The issue is analogous to the situation before our Court in *State v. Brewster*, ___ W. Va. ___, 261 S.E.2d 77 (1979) where the State required the defendant to be tried in physical restaints. Our Court did not reverse this conviction but rather remanded the case for a hearing to determine if there were sufficient facts to warrant trying the defendant in handcuffs, and if the trial court found that the defendant should have been so tried, the conviction would be reentered; alternatively, if the trial court found the evidence to be insufficient, a new trial was to be accorded the defendant.[4]

## II

We will also remand this case to allow the court to sentence the defendant to a definite term since he was sentenced by the court to a term of not less than ten nor more than twenty years. The prior West Virginia statute, *W.Va. Code*, § 61-11-16 [1941] provided that the sentence of imprisonment in the penitentiary shall be for a definite term, or for life, as the court may determine. In *State v. Beacraft*, 126 W. Va. 895, 30 S.E.2d 541 (1944), our Court found that the defendant in a rape trial, convicted

---

[4] This type of disposition has been followed by several courts on several different issues. *See*, e.g., *Kolod v. United States*, 390 U.S. 136 (1968); *Jackson v. Denno*, 378 U.S. 368 (1964); *Gravitt v. United States*, 526 F.2d 378 (5th Cir. 1976); *United States v. McSweaney*, 507 F.2d 298 (9th Cir. 1974); and, *United States v. Kitchen*, 488 F.2d 572 (8th Cir. 1973).

with a recommendation for mercy, should be sentenced to a definite term of years; however, that Court found that the lower court's imposition of an indefinite term merited reversal only for the purpose of having the judgment of the sentence corrected.[5]

For the foregoing reasons the decision of the Circuit Court of Lincoln County is remanded with directions.

*Remanded with directions.*

---

[5] *See, State ex rel. Nicholson v. Boles*, 148 W.Va. 229, 134 S.E.2d 576 (1964).