**UNITED STATES of America**

v.

**Guido FREZZO.**

**Crim. A. No. 86–527.**

United States District Court, E.D. Pennsylvania.

Feb. 23, 1987.

Walter S. Batty, Jr., Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Christopher G. Furlong, Broomall, Pa., Axel Kleiboemer, Washington, D.C., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Defendant Frezzo is charged with 1) receiving and concealing rugs which were part of interstate commerce and valued at $60,000, knowing that the rugs were stolen and 2) purchasing goods (including shotguns and rifles) which were part of interstate commerce and valued at $6,300, knowing that the goods were stolen. Both charges constitute violations of 18 U.S.C. § 2315. Defendant is charged with receiving the rugs on March 21, 1981 and concealing them until August 1982. Defendant is charged with purchasing the shotguns, rifles and other goods on January 2, 1982. The present indictment was filed on December 30, 1986, more than five years after defendant is charged with receiving the rugs and almost five years after defendant is charged with buying the guns and other goods.

Defendant has moved to dismiss the indictment. Defendant argues that the present indictment, No. 86–527, is barred by the Speedy Trial Clause of the Sixth Amendment, the Due Process Clause of the Fifth Amendment, 18 U.S.C. § 3161(b) which mandates the presentment of charges to a grand jury within thirty (30) days of the defendant's arrest, Fed.R. Crim.P. 48(b) which precludes unnecessary delay in presenting a charge to a grand jury or in bringing the defendant to trial, and the statute of limitations. Defendant

also argues that 18 U.S.C. § 3161(c)(1) required that a previous indictment, No. 85–462, pending before Judge Scirica, have been dismissed with prejudice. A chronology of the relevant dates and events is set forth in Appendix A.

Counsel for the defendant has drawn the court's attention to various statements by the United States Attorney which appear in the Government's Memorandum in Opposition to Frezzo's Motion to Dismiss (filed in Criminal Action No. 85–462). First, the inconsistencies in the government's witness' statements have increased with the passage of time. Second, the United States Attorney investigated and prosecuted numerous cases, some of them complex, during the relevant time period. Third, although the government could have prosecuted Frezzo alone, prior to November 1985, it chose to develop the case as a 10 defendant conspiracy case and delay the independent indictment of Frezzo. *See* Government's Memorandum pp. 5–8. The court now turns to defendant's arguments.

### I  The Speedy Trial Act and Criminal Action No. 85–462

At oral argument, both sides agree that with respect to the 1985 indictment, Judge Scirica's December 17, 1986, dismissal of the indictment without prejudice stands as law of the case. This court today shall not review or pass on that order. Instead, defendant's motion that the record in 85–462 be consolidated with the present action was granted at the hearing held last week. Therefore, defendant will be able to preserve his right to appeal the December 17, 1986, order.

### II  The Speedy Trial Clause of the Sixth Amendment

■ Defendant spends a great deal of time arguing that the Speedy Trial Clause prevents pre-indictment delay and, hence, bars the present indictment. This argument cannot stand. The Supreme Court in *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and more resently in *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) stated that the Sixth Amendment right to a speedy trial does not arise until charges are pending or the defendant is arrested [1]. Defendant was in prison serving time for a unrelated conviction when the government obtained the indictments in 1985 and 1986 [2]. Therefore, the Sixth Amendment Speedy Trial Clause does not apply to the pre-indictment delay in the present case.

### III  The Due Process Clause of the Fifth Amendment

■ Delay prior to an arrest or an indictment may give rise to a Due Process claim under the Fifth Amendment. *United States v. Lovasco*, 431 U.S. 783, 788–9, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977); *see United States v. Gouveia*, 467 U.S. 180, 192, 104 S.Ct. 2292, 2299, 81 L.Ed.2d 146, 157 (1984); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Sebetich*, 776 F.2d 412, 429–30 (3d Cir.1985). The Fifth Amendment requires the dismissal of an indictment if the defendant can prove that 1) the government's delay in bringing the indictment was a deliberate device designed to gain an advantage over the defendant and 2) the delay caused the defendant actual prejudice in presenting his defense. *Gouveia*, 467 U.S. at 192, 104 S.Ct. at 2299, 81 L.Ed.2d at 157. This court will assume that defendant's arguments of prejudice included in his Sixth Amendment argument would also apply to his Fifth Amendment argument.

■ Applying the applicable legal standard to the present case, the court concludes that defendant has failed to satisfy his burden. Defense counsel first argues that the United States Attorney delayed the indictment in order to obtain the de-

---

1. *See Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) (the period between arrest and indictment must be considered in evaluating a Speedy Trial Clause claim).

2. Defendant has been incarcerated in Danbury, Connecticut, for his role in the Wyeth paintings case—*Frezzo I*.

fendant's cooperation in a plea agreement. *See* Exhibit H to Defendant's Memorandum: Letter dated August 7, 1985, from Mr. Walter Batty, Assistant United States Attorney, concerning a pre-indictment plea agreement. Even if the government had delayed the indictment to obtain defendant's cooperation, such a tactic would not run afoul of *Lovasco, Gouveia,* and *Marion.* Those cases stand for the proposition that the government may not intentionally delay obtaining an indictment in a effort to hamper the defendant's preparation or presentation of his case. Furthermore, prosecutors are permitted discretion in conducting plea bargaining. *See Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Defendant does not claim that the United States Attorney has acted vindictively or improperly in *Frezzo I* or in the present case. *See generally Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

■ Defense counsel also argues that the government also sought the present indictment in an attempt to lengthen or "enhance" Mr. Frezzo's current prison sentence. The government acknowledges that it sought the present indictment as a means to lengthen Frezzo's imprisonment. This argument is not relevant to the applicable standard as the attempt to enhance Frezzo's sentence has nothing to with the pre-indictment delay.

Having determined that defendant has not satisfied his burden with respect to the first prong of the *Lovasco-Gouveia-Marion* standard, this court need not examine defendant's arguments with respect to the second prong—actual prejudice. With respect to prejudice, defense counsel submit that witness' memories have become dim and the defendant has experienced anxiety during the pre-indictment delay. This court concludes that defendant has not made a sufficient showing of actual prejudice. I also note that similar arguments were raised and rejected in *Sebetich,* 776 F.2d at 430.

### IV  *18 U.S.C. § 3161(b)*

■ Section 3161(b) requires that an indictment charging an individual with an offense shall be filed within thirty days from the date on which the individual was arrested in connection with such charges. In most instances an arrest on one charge does not trigger speedy trial protection with respect to other chargeable offenses against the accused. Here, the government was not obligated to bring the charges contained in 85–462 and 86–527 against Frezzo when Frezzo was arrested in 1983 in connection with the Wyeth paintings theft. *See United States v. Novak,* 715 F.2d 810, 817 (3d Cir.1983).

In the present case, Frezzo has been incarcerated since the government first obtained the indictment in 1985. It appears that Frezzo was not arrested in connection with the present indictment. Therefore, section 3161(b) is not applicable.

### V  *Fed.R.Crim.P. 48(b)*

■ Rule 48(b) permits the trial court to dismiss an indictment where there has been unnecessary delay in presenting the charge to a grand jury or in bringing the defendant to trial. This power of dismissal is independent of constitutional considerations and is derived from the court's supervisory authority over cases pending before it. While it is certainly true that the government obtained the present indictment with only a few days to spare (in light of the statute of limitations), this court declines to dismiss the indictment on the basis of Rule 48(b).

### VI  *The Statute of Limitations*

■ Defendant argues that the statute of limitations precludes the government from prosecuting Frezzo for receiving and concealing the rugs. The applicable limitations period is five years. *See* 18 U.S.C. § 3282.

The court partially agrees with the defendant. More than five years elapsed between the date defendant allegedly received the rugs, March 21, 1981, and the date of the present indictment, December 30, 1986. However, with respect to the concealment charge, the court notes that concealment constitutes an ongoing crime. The government alleges that defendant concealed some of the rugs until August

1982. Therefore, the statute of limitations will not bar the prosecution of the concealment charge. *See United States v. Fleetwood*, 489 F.Supp. 129, 131 (D.Oregon 1980) (and cases cited therein).

An appropriate order follows.

### ORDER

AND NOW on this 23rd day of February it is hereby ordered that defendant's motion to dismiss is:

1. GRANTED with respect to the count charging defendant with receipt of stolen rugs on March 21, 1981, and

2. DENIED with respect to all other arguments.

It is further ordered that the file in Criminal Action No. 85–462 be consolidated with the file in 86–527.

AND IT IS SO ORDERED.

### APPENDIX A

| Event: | Date: |
| --- | --- |
| alleged crimes charged in 85–462 and 86–527 | March 21, 1981 [receipt of rugs] January 2, 1982 [receipt of guns, etc.] July 1982 [end of concealment of rugs] |
| **Frezzo I** | |
| indictment | January 26, 1983 |
| arrest | January 26, 1983 |
| **Frezzo II** | |
| first indictment 85–462 | November 19, 1985 |
| severance granted | May 19, 1986 |
| defendant's speedy trial motion filed | August 29, 1986 |
| dismissal of first indictment w/o prejudice | December 17, 1986 |
| second indictment 86–527 | December 30, 1986 |