### UNITED STATES of America

v.

### Marco MORALES, Defendant.

### No. EP–06–CR–1077–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

April 26, 2007.

---

**42.** 28 U.S.C. § 2253(c)(2); *Miller–El,* 537 U.S. at 327, 123 S.Ct. 1029.

**43.** *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**44.** *Id.*

**45.** *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000) (per curiam).

Billy Don Hicks, Assistant United States Attorney, El Paso, TX, for United States of America.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

MARTINEZ, District Judge.

On this day, the Court considered Defendant Marco Morales's "Motion to Dismiss the Indictment with Prejudice," filed on March 28, 2007; the Government's "Response to Defendant's Motion to Dismiss the Indictment with Prejudice," filed on March 30, 2007; and the oral arguments presented by the parties on March 30 and April 2, 2007, in the above-captioned cause. In his Motion, Defendant asks the Court to dismiss the indictment with prejudice based on violations of the Speedy Trial Act, the Speedy Trial Clause of the Sixth Amendment, and the Due Process Clause of the Fifth Amendment. Additionally, Defendant asks the Court to dismiss the indictment pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure. On April 2, 2007, the Court orally denied Defendant's Motion to Dismiss the Indictment. The Court now issues this opinion to more fully explain its ruling.

▬ The Court first notes that the offense conduct charged in the indictment occurred on March 9, 2005; Defendant was arrested by officers of the El Paso Police Department and charged with violations of state law on that day. However, "[a] state arrest does not trigger the time provisions of ... the federal Speedy Trial Act." *United States v. Wilson,* 657 F.2d 755, 767 (5th Cir.1981). Defendant provides no facts or argument in support of his mere allegation that the provisions of the Speedy Trial Act have been violated, and the Court finds that the seventy-day trial clock that began with his initial appearance on December 20, 2006, has not yet run.[1]

▬ As for Defendant's allegations regarding his constitutional right to a speedy trial, that right "attaches at the time of arrest or indictment, whichever comes first." *United States v. Garcia,* 995 F.2d 556, 560 (5th Cir.1993) (per curiam). Defendant's arrest by state authorities is unrelated to his right to a speedy trial provided in the Sixth Amendment for the instant federal charge, so the right attached with the issuance of the indictment on May 17, 2006. *Dillingham v. United States,* 423 U.S. 64, 65, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975) ("[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment."). "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay...." *Doggett v. United States,* 505 U.S. 647, 651–52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (quoting *Barker v. Wingo,* 407 U.S. 514, 530–31, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The indictment was filed ten and a half months before April 2, 2007, the date of Defendant's trial; the Fifth Circuit has previously held that "a delay of ten and one-half months is not presumptively prejudicial." *Knox v. Johnson,* 224 F.3d 470, 477 (5th Cir.2000). Therefore, the Court finds that the delay between indictment and trial in this case does not call for a speedy trial analysis, and Defendant's motion to dismiss the indictment on Sixth Amendment grounds must be denied.

---

1. 18 U.S.C. § 3161(c)(1) requires a trial to begin within seventy days of the latter date of either the filing of the indictment or the defendant's initial appearance. Some periods of time have been excluded from the seventy-day period pursuant to 18 U.S.C. § 3161(h), and Defendant does not challenge those exclusions.

Turning to the fourteen-month period between the offense conduct and the issuance of the indictment, the Due Process Clause of the Fifth Amendment can protect against pre-indictment delay, even when an indictment is filed within the time allowed by the statute of limitations. *United States v. Lovasco,* 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). However, to demonstrate that pre-indictment delay warrants dismissal where the statute of limitations has not run, the defendant has to show actual, substantial prejudice *and* purposeful delay by the prosecution for "tactical advantage or for other bad faith purpose." *United States v. Crouch,* 84 F.3d 1497, 1500 (5th Cir.1996) (en banc). Defendant claims that he is prejudiced by the lack of evidence as to the location of a holster in the car that Defendant was driving on the night of his arrest.[2] However, the lack of evidence as to the location of the holster does not support either the Government's theory that the gun belonged to Defendant or Defendant's theory that the gun belonged to one of the passengers in the car. Therefore, the Court finds that the inability of either side to prove the exact location of the holster inside the car does not constitute actual, substantial prejudice to Defendant, as the burden of proof of Defendant's guilt falls on the Government.

Moreover, Defendant has provided only allegations of the Government's purposeful delay, and attempts to shift the burden of demonstrating the reason for any delay to the Government. Def.'s Mot. to Dismiss 4 ("Mr. Morales alleges on information and belief ... that the delay was the result of purposeful manipulation by the Government. Additionally, the Government has failed to provide a substantive response to inquiries regarding the bases for the delay."). Defendant's allegations of purposeful delay are not supported by any evidence before the Court. Because Defendant has demonstrated neither actual prejudice nor purposeful delay by the Government, dismissal of the indictment based on pre-indictment delay is not warranted.

Finally, the Court declines Defendant's invitation to dismiss the indictment pursuant to Rule 48 of the Federal Rules of Criminal Procedure. The Court has not been presented with evidence that the delay in this case was purposeful, nor does it find that the delay warrants dismissal for any other reasons. Therefore, the Court declines to exercise its discretion to dismiss the indictment in the instant case. *See* 3B CHARLES ALAN WRIGHT, NANCY J. KING, & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 814 (3d ed. 2004) ("It is unlikely that courts will resort to Rule 48(b) and dismiss a prosecution for unnecessary delay if the time requirements of the [Speedy Trial] Act have been satisfied and the Constitution does not require dismissal. . . .").

Accordingly, **IT IS ORDERED** that Defendant Marco Morales's "Motion to Dismiss the Indictment with Prejudice" (Docket No. 28) is **DENIED.**

---

**2.** In the indictment, Defendant is charged with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On the night of Defendant's arrest, he was driving a car containing three or four other passengers; El Paso Police officers attempted to pull the car over. Defendant did not stop immediately, and while pursuing the car, the police officers saw Defendant throw an unknown black item from the car. Later, the police officers found the handgun charged in the indictment near the spot where Defendant threw the unknown item from the car.