**REVERSE and REMAND; and Opinion Filed July 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01177-CR

### THE STATE OF TEXAS, Appellant
### V.
### LATABEN KANCHANLAL PATEL, Appellee

**On Appeal from the County Criminal Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. MA11-70988-G**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

The State of Texas charged Lataben Kanchanlal Patel with operating a sexually oriented business without a license. Patel moved to set aside the information on speedy trial grounds, and the trial court granted the motion and dismissed the prosecution. The State appeals. We issue this memorandum opinion because all matters are settled in law. *See* TEX. R. APP. P. 47.4. We reverse the trial court's order and remand this cause for further proceedings consistent with this opinion.

### BACKGROUND

An undercover vice police officer went to the Mi Amor Motel in Dallas and asked to rent a room for two hours. The desk clerk, Patel, gave the officer a registration form and asked for identification. The officer completed the registration form and asked about the rate for two hours. Patel said $20. The officer paid Patel $20. Inside the room, the officer turned on the

television and an adult pornographic video began to play. The officer determined that Patel did not have a license to operate a sexually oriented business, but did not arrest Patel at that time. A week later, the police obtained a warrant for Patel's arrest for operating a sexually oriented business without a license. The warrant was not executed until two years later when Patel voluntarily turned herself in to police after learning about the arrest warrant.

A month after Patel's arrest, the State filed an information formally charging her with the offense. Two weeks after the information was filed, Patel moved to set aside the information under articles 1.03, .04, and .05 of the Texas Code of Criminal Procedure, the Sixth Amendment to the United States Constitution, and article I, section 10 of the Constitution of the State of Texas for violation of her right to a speedy trial. She alleged that there was a two-year delay between the issuance of the arrest warrant and her actual arrest and the filing of the charging instrument. She alleged that she had resided at the same address the entire time, yet the State had not made any effort to "procure [her] presence in court or even to notify her of the presence of the warrant."

Patel argued in the hearing that the basis of her motion was "post arrest delay." She argued that the warrant was issued August 23, 2011, and she became aware of it on May 13, 2013, and posted a bond at that time. She argued "that's almost a two-year delay." The trial court's concern at the hearing focused on this delay and the court repeatedly asked the State to explain why it had not sought to bring Patel to justice sooner. The State had no explanation for the delay, but argued that the delay Patel complained about happened before charges were filed and before she became accused of an offense. The court granted Patel's motion and dismissed the prosecution.

–2–

On appeal, the State contends that the trial court erred by granting Patel's motion for two reasons: (1) the court used the wrong legal standard, and (2) the evidence does not support the court's decision under either the correct or wrong legal standard. Patel did not file a brief.

**DISCUSSION**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. CONST. amend. VI. This means that the Speedy Trial Clause applies "when a formal criminal charge is instituted and a criminal prosecution begins." *United States v. MacDonald*, 456 U.S. 1, 6 (1982).

At the hearing, Patel argued that the *Barker v. Wingo* factors weighed in favor of a finding that her right to a speedy trial was violated. 407 U.S. 514, 530 (1972) (explaining factors court must weigh in considering defendant's claim that government violated speedy trial right under Sixth Amendment). Patel did not argue below that she was entitled to any more or different rights under the code of criminal procedure or the Texas constitution, and so we limit our discussion to the Sixth Amendment.

In *United States v. Marion*, 404 U.S. 307, 321–22 (1971), the Supreme Court held that the Sixth Amendment right to a speedy trial does not apply to pre-arrest delay:

> Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend that reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. [internal footnotes omitted]

Later, in *United States v. Lovasco*, the Court stated that "as far as the Speedy Trial Clause of the Sixth Amendment is concerned, such [preindictment] delay is wholly irrelevant, since our analysis of the language, history, and purposes of the Clause persuaded us that only a 'formal

–3–

indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections' of that provision." 431 U.S. 783, 788–89 (1977) (quoting *Marion*, 404 U.S. at 320); *MacDonald*, 456 U.S. at 7 (confirming that Sixth Amendment right to speedy trial does not apply to pre-arrest delay).

Patel complained only about the delay between the issuance of the arrest warrant and her actual arrest two years later. But a pre-arrest delay does not implicate the right to a speedy trial.[1] *MacDonald*, 456 U.S. at 7; *Lavasco*, 431 U.S. at 788–89; *Marion*, 404 U.S. at 320. Consequently, we conclude that the trial court erred by granting Patel's motion on this basis. We resolve the State's issue in its favor. Based on our disposition of this issue, we do not need to reach the State's remaining issue.

## CONCLUSION

We reverse the trial court's order granting Patel's motion and dismissing the prosecution and remand this cause to the court for further proceedings consistent with this opinion.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

131177F.U05

---

[1] Even under an analysis of the *Barker v. Wingo* speedy trial factors, a pre-arrest delay does not count against the State. *See Dillingham v. United States*, 423 U.S. 64, 64-65 (1975); *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994) (speedy trial clock begins to run when defendant becomes accused by arrest or formal charge); *State v. Horner*, 936 S.W.2d 668, 670–71 (Tex. App.—Dallas 1996, pet. ref'd) (same).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-01177-CR          V.

LATABEN KANCHANLAL PATEL,
Appellee

On Appeal from the County Criminal Court
No. 6, Dallas County, Texas
Trial Court Cause No. MA11-70988-G.
Opinion delivered by Justice Lang-Miers,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the order of the trial court granting Appellee Lataben Kanchanlal Patel's motion to set aside the information and dismissing the prosecution is **REVERSED** and the cause is **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 7th day of July, 2014.